UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ISAIAH DUANE OLIVER,

    Plaintiff,

v.                                        CAUSE NO. 3:22-CV-48-DRL-MGG

ZAWISTOWSKI *et al.*,

    Defendants.

OPINION AND ORDER

Isaiah Duane Oliver, a prisoner without a lawyer, filed an amended complaint against five defendants. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Oliver's amended complaint pertains to events that occurred from November 22, 2021 to December 2, 2021, at the St. Joseph County Jail. ECF 4 at 2-4. On November 22, 2021, he states Captain Zawistowski ordered that pod slice B7 be pepper sprayed with oleoresin capsicum (OC-10) two times and, after that, jail staff turned off the water for one hour. *Id*. at 2. Mr. Oliver covered his face with a towel and rag, but the OC-10 was able to penetrate the towel and rag, and it burned his eyes, nose, ears, and lungs. *Id*.

Captain Zawistowski next ordered pod slice B7 to be placed on lockdown and the water be shut off for another twenty-five minutes. *Id*. While Mr. Oliver was on lockdown, he was served a meal on a styrofoam tray and told the meal was part of the punishment being imposed. *Id*.

Mr. Oliver's claims about the conditions of the jail must be assessed under the Fourteenth Amendment, which prohibits holding pretrial detainees in conditions that "amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Though there is no general *respondeat superior* liability under 42 U.S.C. § 1983, supervisors can be held liable when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Giving Mr. Oliver the inferences to which he is entitled at this stage, he alleges a plausible claim against Officer Zawistowski for ordering pod slice B7 to be pepper sprayed with OC-10 and the water turned off on November 22, 2021, in violation of the Fourteenth Amendment.

Mr. Oliver next asserts that on November 23, 2021, while pod slice B7 was still on lockdown, Officer Diggins passed out commissary orders to all of the inmates in B-Pod except for those housed in pod slice B7. ECF 4 at 2. Though Mr. Oliver asserts Officer Diggins should have given him his commissary order, he has no constitutional right to receive his commissary order while on lockdown. Mr. Oliver suggests that Officer Diggins's actions violated Indiana Department of Correction (IDOC) policy, but failure to follow prison guidelines does not amount to a constitutional violation. *Scott v. Edinburg* 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, Mr. Oliver may not proceed on this claim.

Mr. Oliver also asserts that he was scheduled to go to court on November 23, 2021, but jail staff refused to allow him to go. ECF 4 at 2. The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the

3

inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds). Accordingly, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Because Mr. Oliver has not alleged that he was prejudiced by missing his court date and has not explained who was responsible, he may not proceed on this claim.

Also, on November 23, 2021, Captain Zawistowski ordered pod slice B7 to be moved to unit G8, a disciplinary segregation unit. ECF 4 at 2-3. When Mr. Oliver was moved to unit G8, he became scared and nervous because there were multiple officers who had TASERs and pepper spray and Captain Zawistowski brought in a K-9 dog that was less than ten feet away from him when he was escorted handcuffed behind his back out of his cell. *Id*. at 3. "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538

4

F.3d 763, 777 (7th Cir. 2008). "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2021) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is the type of decision that is squarely within the discretion of prison officials. Mr. Oliver has not stated a claim here.

Furthermore, on November 23, 2021, Mr. Oliver alleges he was denied a new sheet, towel, and rag, and had to use the same towel and rag he had used to cover his face when he was pepper sprayed with OC-10 in pod slice B7 the previous day. ECF 4 at 3. The following day, on November 24, 2021, Mr. Oliver alleges he was denied one hour of recreation time to shower, and he could not use the phone or clean his room. *Id*. He says he was not allowed his hour for recreation until November 25, 2021 and did not receive a new towel, rag, or sheet until December 2, 2021, when he was moved back to pod slice B7. *Id*. Because Mr. Oliver has not identified who was responsible for the alleged deprivations, he may not proceed on these allegations.[1]

Mr. Oliver further asserts that, during the ten days he was housed in unit G8, he could not visit with his wife or talk to his children because Captain Zawistowski, Warden Olmstead, and Sheriff Redman eliminated these privileges as part of his punishment. ECF 4 at 3-4. However, temporary restrictions on visitation do not give rise to a constitutional

---

[1] Though Mr. Oliver alleges that Mr. Swanigan would not give him a new sheet, towel, or rag, he has not named him as a defendant in this case. ECF 4 at 3.

5

claim. *Block v. Rutherford*, 468 U.S. 576, 586-87 (1984). Therefore, Mr. Oliver may not proceed on this claim.

Furthermore, Mr. Oliver has sued the St. Joseph County Jail. Because the St. Joseph County Jail is a building, it is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Thus, he cannot proceed against this defendant.

For these reasons, the court:

(1) GRANTS Isaiah Duane Oliver leave to proceed against Captain Zawistowski in his individual capacity for compensatory and punitive damages for ordering pod slice B7 to be pepper sprayed with OC-10 and the water turned off on November 22, 2021, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Officer Diggins, Warden Olmstead, Sheriff Redman, and St. Joseph County Jail;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Captain Zawistowski at St. Joseph County Jail, with a copy of this order and the amended complaint (ECF 4);

(5) ORDERS St. Joseph County Jail to provide the full name, date of birth, and last known home address of the defendant if he does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Captain Zawistowski to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 15, 2022   *s/ Damon R. Leichty*
Judge, United States District Court